# FAMILY ADVOCATES, INC.   (845) 339-8080

*209 Clinton Avenue, Kingston, NY 12401*

April 17, 2008   FAX *(845) 339-8089*

Hon. Kenneth M. Karas
U.S.D.C., Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

**MEMO ENDORSED**

Re: <u>Dabrowski v. Carmel CSD</u> 7:08 cv 00445
**PRE-MOTION CONFERENCE**

Honorable Judge Karas:

    Plaintiffs request a Pre-Motion Conference to discuss their need for interlocutory relief via a Motion for Preliminary Injunction pending full review and disposition of the underlying claim. The Complaint herein was brought pursuant to the Individuals with Disabilities Education Act, ("IDEA"), as amended by Congress in 2004, which provides detailed entitlements for a "*free appropriate public education*" to disabled students and explicit procedural mandates protecting and encouraging parental input, 20 U.S.C. §1400(c). Plaintiffs initiated the instant special education claim on August 23, 2006 because they believe their child was denied FAPE during the 2006-07 school year. It is this (2006-07) claim which is pending before the Court here.

    Plaintiffs require interlocutory judicial intervention in order to obtain access to IDEA protections to the child during the "pendency" of both the administrative and judicial review proceedings. The Defendant School District operates in violation of the Act in that it has contributed only limited funds for plaintiffs' daughter's continued school attendance and her placement in school is in jeopardy, see **attached current notice of tuition non-payment from the Kildonan School.** The IDEA mandates that during the pendency of the IDEA complaint-review procedure, the child's placement is not to be changed unilaterally by the School District, see "pendency" provision,[1] found at 20 U.S.C. 1415(j), also see <u>Honig v. Doe</u>, 484 U.S. 305 (1987) and <u>Board of Education v. Ambach</u>, 612 F.Supp. 230, 233 (E.D.N.Y. 1985).

---

[1] Also referred to as "status quo" or "stay-put" provision.



Plaintiffs are not required to first exhaust administrative remedies on the issue of "pendency" or 'stay put', Murphy v. Arlington C.S.D., 297 F. 3d 195 (SDNY 2002). In Murphy, this Court reviewed the Act's "pendency" provision and found it to fall under an exception to the administrative exhaustion prerequisite. The Court ruled that "*administrative process is 'inadequate' to remedy violations of Section 1415(j) because, given the time-sensitive nature of the IDEA's stay-put provision, 'an immediate appeal is necessary to give realistic protection to the claimed right'*, citing Miss America Org. V. Mattel, Inc. 945 F. 2d 536, at 545 (2d Cir. 1991). The Murphy Court went on the hold that "*Section 1415(j) establishes a student's right to a stable learning environment during what may be a lengthy administrative and judicial review*" citing Tenn. Dept. of Mental Health & Mental Retardation v. Paul B. 88 F. 3d 1466, at 1472 (6th Cir. 1996), Carl B. v. Mundelein H.S. Dist. 120 Bd of Ed., 93 CV 5304, (N.D. Ill. 1993).

Here, the Carmel Central School District has failed to respect and afford plaintiffs access to the "pendency" provision during these administrative and judicial proceedings. Until the parents' claim on 2006-07 is finally resolved, the student's IDEA placement is at the Kildonan School. Defendant has unlawfully failed to make proper, timely or adequate financial payments for the student to continue there this year. Plaintiffs' proposed motion is meritorious and straight-forward: both school years prior to the one in question here required the District to fund the student at Kildonan. In 2004-05, a similar parental complaint was raised and resolved in parents' favor; the District chose not to appeal see **SRO decision at No. 05-063**, dated August 10, 2005, attached hereto. The SRO affirmed the parents' position that the District's IEP was inappropriate and that their "*unilateral placement [at the Kildonan School, Amenia, New York] was appropriate*", Id. In 2005-06, a second complaint was raised and resolved in parents' favor; the District again chose not to appeal see, **SRO decision No. 06-005,** also attached.

Thus, the student's lawful placement at the time this claim was initiated, August 23, 2006, was the Kildonan School. She is entitled to "maintenance" of this placement until the instant claim is resolved.

Some additional legal support for plaintiffs' need to bring a motion for interlocutory relief at this time:

* "*Under the IDEA, during the pendency of any proceeding pursuant to special education law, a student is entitled to remain in his/her then current educational placement unless the parents and the school district decide otherwise*" Verhoeven v. Brunswick School Com, 207 F.3d 1, 3 (1st Cir. 1999). Also see Woods v. New Jersey School District of Education, 12 IDELR 439 (3rd Cir. 1993) at 440, where the court held that "*the purpose of the 'stay put' is to preserve the status quo of the child's functioning placement and program until the underlying IDEA litigation is resolved unless there is an effective waiver.*" In Woods, the court also noted that the provision demonstrates "Congress's policy choice that all handicapped children, regardless of whether their case is meritorious or not, are to remain in their current educational placement until the dispute with regard to their placement is ultimately resolved." Wood at 440. Affirmed in Drinker v. Colonial School District, 78 F.3d 859 (3rd Cir. 1996).

* The Section 1415(j) placement freeze extends throughout the pendency of "*all*" the proceedings, administrative and judicial, S.W. and Joanne W. v. Holbrook Public Schools, 221 F. Supp. 2d 222 (2002); 20 U.S.C. 1415(j); and Verhoeven, (supra.

* Because stay-put acts to freeze the status quo, courts have demanded that the party who bore the financial burden of the then current placement must continue to bear that burden during the proceedings, Monahan v. Nebraska, 491 F. Supp. 903 F. 2d 635 (9th Cir. 1990), at 1088.

The Motion for Preliminary Injunction is necessary and justified. Plaintiffs respectfully request the Court permission in moving forward on this motion.

RosaLee Charpentier, Esq. (rlc-2515)

Att'y for Plaintiffs, Family Advocates, Inc

To: Mark Rushfield, Esq.
Shaw & Perelson, et. al., for the Defendants

*[handwritten: The court will hold a pre-motion conference on May 19, 2008, at 11:00]*

SO ORDERED

KENNETH M. KARAS
4/30/08

 # The Kildonan School
### Founded in 1969

April 16, 2008

Ms. Laura Davis
70 Bryant Trail
Carmel, N.Y. 10512

Re: Chloe Dabrowski
    2007/08 Tuition

Dear Ms. Davis:

We have received a check from the Carmel School District in the amount of $5,182.50. We have applied it as follows: September 2007 - $1,727.50 (half month) and October - $3,455.00 (full month). The balance on the tuition account is $30,267.50. Of this $22,457.50 is past due ($1,727.50 for September and $3,455.00 per month for November through April. This payment schedule is not acceptable and in order for Chloe to remain at Kildonan, the tuition must be brought up to date.

Very truly yours,

Ann E. Still
Business Manager

425 Morse Hill Road, Amenia, NY 12501  ~  Telephone: 845/373-8111  ~  Facsimile: 845/373-9793