UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| LAURA DAVIS and EDWARD DABROWSKI as parent of a disabled student, C.D. | : |
| Plaintiffs, | : Civil Action 08 -CIV- 04450 (KMK) |
| vs. | : |
| CARMEL CENTRAL SCHOOL DISTRICT, | : |
| Defendant. | : |

_____

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION ON THE ISSUE OF PENDENCY**

Respectfully submitted:

**SHAW, PERELSON, MAY & LAMBERT, LLP**
Attorneys for Defendant
(Mark C. Rushfield, Esq., of Counsel)
21 Van Wagner Road
Poughkeepsie, New York 12603
Tel. No. (845) 486-4200

On the Brief:
Mark C. Rushfield, Esq.

## **TABLE OF CONTENTS**

**PAGE**

**TABLE OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

**PRELIMINARY STATEMENT AND STATEMENT OF FACTS** . . . . . . . . . . . . . . . . . . . . . 1

**ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## TABLE OF AUTHORITIES

**PAGE**

### CASES

*Aaron M. v. Yomtoob*, 00 CV 7732 (RRP),
    2003 U.S. Dist. LEXIS 21252 (N.D. Ill. Nov. 25, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*David T. v. City pf Chicopee*,
    474 F. Supp. 2d 215 (D. Mass. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7, 8

*Escambia County Bd. of Educ. v. Benton*,
    358 F. Supp. 2d 1112 (S.D. Ala. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Gabel ex rel. L.G. v. Bd. of Educ.*,
    368 F. Supp. 2d 313 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Mackey v. Bd. of Educ.*,
    373 F. Supp. 2d 292 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Murphy v. Arlington C.S.D.*,
    86 F. Supp. 2d 354 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Verhoeven v. Brunswick Sch. Comm.*,
    207 F. 3d 1 (1st Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7

*Wagner v. Board of Ed.*,
    335 F. 3d 297 (4th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

### STATUTES

8 N.Y.C.R.R. §200.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

20 U.S.C. §1415(j) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6

34 C.F.R. §300.514(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## PRELIMINARY STATEMENT AND STATEMENT OF FACTS

Plaintiffs commenced this action on January 17, 2008 to overturn the November 14, 2007 decision of the State Review Officer ("SRO") in SRO Decision No. 07-114, which held that the IEP generated by the defendant Carmel Central School District ("District") for the plaintiffs' child, C.D., for the 2006-2007 school year provided the child with a free appropriate public education.

Following the November 14, 2007 decision rendered by the SRO that is the subject of this action, by letter dated November 17, 2007 to the District, the plaintiffs requested an impartial hearing exclusively regarding the District's failure to provide a pendency placement at the Kildonan School ("Kildonan") for the plaintiff student during the 2007-2008 school year. That application was based upon an earlier determination that Kildonan was an appropriate placement for C.D. for the 2005-2006 school year. Pursuant to that request, an impartial hearing officer ("IHO"), Eric Nachman, Esq., was appointed on November 27, 2007 by the District to hear that pendency matter.

On January 17, 2008, the same day that the plaintiffs filed the Complaint in this action, the plaintiffs made a motion before IHO Nachman, for a "preliminary order on the plaintiff student's pendency placement" during the 2007-2008 school year. The plaintiffs contended therein that the District had not paid the tuition for C.D. for September through November of 2008. Attached to that "Motion for Preliminary Order on the Student's Pendency Placement" (hereinafter "IHO Pendency Motion") was a copy of the Complaint in this action.

By a decision on the "Student's Pendency Motion " of February 15, 2008, IHO Nachman reviewed the history of the proceeding before him and ruled that the plaintiffs' request for Kildonan tuition payments under the theory of pendency was denied, holding that:

> There is currently no due process proceeding for pendency to attach. On August 22, 2008 (sic) [2007] when a due process proceeding hearing was requested, pendency was the last unappealed SRO decision (No. 07-114) denying tuition

>reimbursement. The parents withdrew there (sic) due process request on September 7, 2008 (sic) [2007];from that date through the present there are no due process requests that the requested pendency could attach. If there was a due process request; pendency might have attached on January 17, 2008 when the when (sic) unappealed SRO decision (No. 07-114) was appealed.
>
> For the purpose of this motion I need not and have not made a decision regarding future pendency and any future due process requests.
>
>I will allow the parents time to amend there (sic) pendency request to include any other appropriate due process requests.

Though the instant action was already pending before this Court, the plaintiffs did not, upon receipt of IHO Nachman's February 15, 2008 decision on pendency, make application to this Court. Nor did they appeal that decision to the SRO. Rather, the plaintiffs thereafter filed an amended due process complaint with the District and reinstated their "request to the hearing officer for the stay put order and ask he tell the District to make necessary payment arrangements with Kildonan School." IHO Nachman thereupon accepted the amended due process complaint and the renewed pendency motion by the plaintiffs.

Thereafter, on March 12, 2008, IHO Nachman rendered a new decision and order upon the plaintiffs' renewed pendency motion. In that new decision and order he noted that the plaintiffs continued to assert entitlement to pendency placement for the period beginning September 2007 and that the District contended that such pendency should not run until the commencement of the plaintiffs' appeal of SRO Decision No. 07-114 to this Court on January 17, 2008. IHO Nachman held that he agreed with the District's position and that the District was to be responsible for C.D.'s Kildonan tuition from January 17, 2008 through the completion of the appeal process. In reaching this conclusion, he stated:

2

> There is now a due process proceeding for pendency to attach. On August 22, 2008 (sic) [2007], when a due process proceeding hearing was first requested, pendency was the last unappealed SRO decision (No. 07-114) denying tuition reimbursement. The parents withdrew there (sic) due process request on September 7, 2008 (sic) [2007]; from that date through the present there are no due process requests that the requested pendency could attach. A due process request was made on February 26, 2008 and pendency now attaches on January 17, 2008 when the when (sic) unappealed SRO decision (No. 07-114) was appealed.

The District has complied with IHO Nachman's Order in every respect to date. Neither side has appealed that Order to the SRO.

Thus, the plaintiffs authorized and requested IHO Nachman twice to rule upon the plaintiffs' request for a pendency determination and secured sequential decisions on that subject.

About a month after the second pendency determination was rendered by IHO Nachman, by letter dated April 17, 2008 to the Court, the plaintiff first alerted this Court to a desire to seek pendency payments for, in effect, the period of September of 2007 through January 16 of 2008. Unhappy with IHO Nachman's ruling, the plaintiffs seek to secure a separate decision by this Court upon the pendency application they first made to IHO Nachman on the very day they commenced this action, i.e., they seek to secure an order of this Court that the District pay to Kildonan the tuition that the District withheld between September of 2007 and January 16, 2008.

As more fully set forth below, this Court should not grant such relief as it is not the sort of relief envisioned by the IDEA. Furthermore, the plaintiffs are not entitled to that relief as (1) they agreed to allow an impartial hearing officer to determine the plaintiffs' pendency entitlement for the very period covered by their instant application to this Court, that impartial hearing officer twice rendered a determination adverse to the plaintiffs' position at the plaintiffs' insistence and the

plaintiffs have not appealed that determination to the SRO and (2) after withdrawing their initial August 22, 2007 request for a due process hearing challenging the 2007-2008 IEP on September 7, 2007, they did not challenge the 2007-2008 IEP (by re-requesting a due process hearing) until February 26, 2008 and did not commence this action concerning the SRO's affirmation of the 2006-2007 IEP until January 17, 2008.

## ARGUMENT

The plaintiffs' instant application is made pursuant to 20 U.S.C. §1415(j), which provides in relevant part that "during the pendency of any proceedings conducted pursuant to this section, **unless the State or local educational agency and the parents otherwise agree**, the child shall remain in the then-current educational placement of the child." **Emphasis** added.

In the instant case, the evidence clearly establishes that the District is making payments of tuition to the Kildonan School for C.D. on a current basis and acknowledges its obligation to do so until such time as this Court may dismiss the instant action challenging the SRO's decision in SRO Decision No. 07-114. The issue thus presented to the Court is, therefore, whether the District should be ordered to pay the Kildonan School for the tuition for C.D. for September of 2007 through January 16, 2008.

That issue is not, however, one this Court may properly address under 20 U.S.C. §1415(j). Rather the Court is limited to directing the District to maintain C.D. in her current educational placement (now for the brief remainder of the 2007-2008 school year and potentially for some part of the 2008-2009 school year) by making tuition payments for that purpose for those periods of time. *Wagner v. Board of Ed*, 335 F.3d 297, 301 (4th Cir. 2003); *Escambia County Bd. of Educ. v. Benton*, 358 F. Supp. 2d 1112, 1120 (S.D. Ala. 2005) ("As one appeals court has asserted, 'when

presented with an application for section 1415(j) relief, a district court should simply determine the child's then-current educational placement and enter an order maintaining the child in that placement.'").

Furthermore, the plaintiffs "otherwise agreed" to submit the issue of C,.D.'s educational placement for purposes of pendency within the meaning of 20 U.S.C. §1415(j) to a hearing officer when they twice petitioned IHO Nachman to render a determination as to the pendency placement of C.D. for the period of September of 2007 onward. As they did not appeal those decisions, that agreement and IHO Nachman's decisions altered the current educational placement of C.D. from that in place previously to that date to one in which C.D.'s current educational placement for the 2007-2008 school year, as found by IHO Nachman, was not Kildonan until January 17, 2008. *Verhoeven v. Brunswick Sch. Comm.*, 207 F.3d 1, 8-9 (1st Cir. 1999); *David T. v. City of Chicopee*, 474 F. Supp. 2d 215, 218-219 (D. Mass. 2007).

*Verhoeven* and *David T.* appear to be the only cases decided by the federal courts concerning a circumstance such as that presented by the instant case, i.e., where the parents have voluntarily submitted the issue of pendency to a hearing officer and, upon being unsuccessful in that endeavor, have proceeded in court to seek to secure a different pendency determination without exhausting their administrative appeals.

In *Verhoeven*, the parties had agreed to submit the issue of the pendency placement of the child to a hearing officer. After the hearing officer sided with the school district, the parents sought injunctive relief concerning the child's pendency placement in district court, arguing that they never agreed to be bound by or to forfeit review of the hearing officer's pendency placement decision. The district court found that the parents had, by agreeing to submit the issue to a hearing officer, agreed

5

to allow the hearing officer to choose the pendency placement and thus "opted out of the 'stay put' presumption under § 1415(j)." *Verhoeven*, 207 F.3d at 8.

Upon appeal, the First Circuit Court of Appeals affirmed. In relevant part it held in language equally applicable to the instant case, 207 F.3d at 8:

> The district court concluded that because the Verhoevens agreed to submit the "stay put" issue to the hearing officer, the case falls within the "otherwise agree" exception to the "stay put" provision. We do not find this conclusion to be reversible error.
>
> As noted above, section 1415(j) provides that the interim placement during proceedings challenging the child's regular placement shall be the child's current educational placement, "unless the . . . educational agency and the parents otherwise agree." 20 U.S.C. § 1415(j). The district court found that Brunswick and the Verhoevens "otherwise agreed" to let the hearing officer determine the interim placement. Nothing in section 1415(j) requires the parties to "otherwise agree" on a particular interim placement for the exception to apply; the exception apparently may apply if the parties "otherwise agree" to let a third party decide the interim placement.

See also *Aaron M. v. Yomtoob*, 00 C 7732 (RRP), 2003 U.S. Dist. LEXIS 21252 (N.D. Ill. Nov. 25, 2003) ( noting that in *Verhoeven* "the parties opted out of stay-put provision by 'otherwise agreeing' to let hearing officer determine child's interim placement.").

In *David T.*, the parties had agreed to let the hearing officer address, "at least initially", the issue of the application of the "stay-put" provision at 20 U.S.C. §1415(j) to a school district's obligation to reimburse costs for an academic year, where the district's educational plan had never been appealed. The decision went against the parents and they never filed a timely administrative appeal. *David T.*, 474 F. Supp. 2d at 218. Instead they commenced a suit in federal court and moved for a preliminary injunction regarding pendency.

6

Relying upon *Verhoeven*, the district court held that the parents had agreed to let a hearing officer decide the issue of pendency and that, whether or not the decision rendered by the hearing officer was correct, the parents were required to file an administrative appeal of that decision rather than seek injunctive relief from the court, 474 F. Supp. 2d at 218:

> In any event, the First Circuit has indicated that the "stay-put" provision of the IDEA will not govern where the parties have opted out of it by agreeing to let a third party decide the issue. *Verhoeven v. Brunswick School Committee*, 207 F.3d 1, 8 (1st Cir. 1999) *v. Brunswick School Committee*, 207 F.3d 1, 8 (1st Cir. 1999). As the *Verhoeven* court noted, the IDEA's "stay-put" provision provides that the interim placement during proceedings challenging the child's regular placement shall be the child's current educational placement, "unless the . . . educational agency and the parents otherwise agree." . . . Nothing in section 1415(j) requires the parties to "otherwise agree" on a particular interim placement for the exception to apply; the exception apparently may apply if the parties "otherwise agree" to let a third party decide the interim placement.*Id*. (internal citation omitted).
>
> Here, the parties agreed to let the Hearing Officer address, at least initially, the rather tricky issue of the "stay-put" provision's application to a school district's obligation to reimburse costs for an academic year, where the district's own educational plan had never been appealed. It is undisputed that this decision went against Plaintiffs and that Plaintiffs' counsel never filed a timely appeal.
>
> It is irrelevant for purposes of review by this court that the Hearing Officer's May 22, 2006 decision was not substantive, but rather relied on Plaintiffs' counsel's failure to communicate with the Hearing Officer or respond to her order to show cause. It does not appear that the Hearing Officer committed any error in dismissing Plaintiffs' claim based on these defaults, but if there were any errors, the proper route to object to them was a timely appeal and not an independent action such as this one, offering up a plateful of constitutional theories.

While there may be no requirement of the plaintiffs to initiate a pendency application

7

through the administrative process, *Murphy v. Arlington CSD*, 86 F.Supp. 2d 354, 357 (S.D.N.Y. 2000), once, as here, they have decided to do so rather than seek judicial relief, thus agreeing to opting out of stay-put, they are subject to the exhaustion requirements of the law concerning their pendency application. See *Mackey v. Bd. of Educ.*, 373 F. Supp. 2d 292, 299-300 (S.D.N.Y. 2005) (discussing requirement to exhaust administrative remedies through SRO review and thereupon file a timely action concerning pendency where the pendency issue has been litigated to a decision at the administrative level) and 8 N.Y.C.R.R. §200.5.

As in *David T.*, the stay-put issue in this case was also a tricky one. While the plaintiffs had initially on August 22, 2007 challenged the 2007-2008 IEP providing for public school instruction of C.D. they had withdrawn that challenge on September 7, 2007, prior to the start of classes at Kildonan. This indicated an interim acceptance of that IEP until they renewed that challenge on February 26, 2008.

Further, following the November 17, 2007 decision of the SRO in SRO Decision No. 07-114, which upheld the District's IEP for the 2006-2007 school year as providing a free appropriate public education of C.D., the plaintiffs had taken no action to indicate that they would be challenging that decision until they commenced the instant action on January 17, 2008. Thus, the conduct of the plaintiffs evidenced that they had accepted the District's IEPs as constituting C.D.'s current educational placement until they commenced this action on January 17, 2008.

The District could reasonably contend that, in light of the September 7, 2007 withdrawal of the plaintiffs' request for a due process hearing, absent the commencement of the instant action, and until such time, i.e., January 17, 2008, the District's IEPs constituted C.D.'s current educational placement. Except for the commencement of this action on January 17, 2008 (and the resultant

8

decision of IHO Nachman), that would certainly be the case. *Gabel ex rel. L.G. v. Bd. of Educ.*, 368 F. Supp. 2d 313, 325 (S.D.N.Y. 2005) ("a child's then current educational placement would 'generally be taken to mean current special education and related services provided in accordance with a child's most recent [IEP].' [*citation* omitted]. Therefore, the pendency placement is generally the last unchallenged IEP."); *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 86 F. Supp. 2d 354, 366 (S.D.N.Y. 2000) ( a "new placement" is established by "an administrative decision upholding the District's proposed placement which Plaintiffs choose not to appeal."); 34 C.F.R. §300.514(d) ("Finality of review decision. The decision made by the reviewing official is final unless a party brings a civil action under § 300.516."); 8 N.Y.C.R.R. §200.5 ("The written decision of the State Review Officer shall be final, provided that either party may seek judicial review by means of a proceeding pursuant to article 4 of the Civil Practice Law and Rules or 20 U.S.C. section 1415.").

## CONCLUSION

For the reasons set forth herein, the plaintiffs's motion for should be denied and the defendant granted such other and further relief as to the Court may seem just and proper.

Dated: June 16, 2008                                       Respectfully submitted,

                                                     SHAW, PERELSON, MAY & LAMBERT, LLP
Attorneys for Defendant

By: s/_____
Mark C. Rushfield, Esq. (MCR 0231)
(Of Counsel to the Firm)
21 Van Wagner Road
Poughkeepsie, New York 12603
845/486-4200

9