# SHAW, PERELSON, MAY & LAMBERT, LLP
ATTORNEYS AT LAW
21 VAN WAGNER ROAD
POUGHKEEPSIE, NEW YORK 12603
(845) 486-4200
FAX (845) 486-4268

STEPHEN A. PERELSON (1941-2002)
DAVID S. SHAW
MARGO L. MAY
MICHAEL K. LAMBERT
MARC E. SHARFF
LISA S. RUSK
BETH L. SIMS

STEVEN M. LATINO
JEFFREY J. SCHIRO
JILLIAN E. JACKSON
MARLA B. SIEGEL

MARK C. RUSHFIELD
OF COUNSEL
JOHN E. OSBORN, P.C.
OF COUNSEL

WESTCHESTER OFFICE
115 STEVENS AVENUE
VALHALLA, NEW YORK 10595
(914) 741-9870
FAX (914) 741-9875

**MEMO ENDORSED**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

PLEASE RESPOND TO: POUGHKEEPSIE

August 12, 2008

Hon. Kenneth M. Karas, U.S.D.J.
United States District Court, Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: *Dabrowski v. Carmel Central School District*, 08 Civ. 0445 (KMK)

Dear Judge Karas:

    This office represents the defendant in the above-referenced matter, commenced by the plaintiff parents under the Individuals With Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1415, against the Carmel Central School District ("District") to challenge a decision of the State Review Officer ("SRO") rendered on November 14, 2007.

    By letters of April 21, 2008 and May 12, 2008, we requested a motion conference for purposes of a motion for summary judgment which would confirm the State Review Officer's decision that the defendant's IEP provided the plaintiff student with a free appropriate public education and that the plaintiffs were not entitled to tuition reimbursement for the plaintiff student's attendance at a private school.

    During the motion conference held on May 19, 2008, your Honor determined that he would address the pendency tuition payment application of the plaintiffs, but that he wanted the motion addressed to the merits of the plaintiffs' action held in abeyance until the pendency application was decided. The pendency application was fully briefed on June 26 and is awaiting a determination.

    The defendant has made and continued to make tuition payments to the plaintiff student's private school except for a period of time of about 6 weeks in dispute during which no appeal of the State Review Officer's decision by the plaintiffs had been made. The defendant has committed to making such tuition payments until such time as the Court may confirm the State Review Officer's decision rendered on November 14, 2007.

Hon. Kenneth M. Karas, U.S.D.J.
August 12, 2008
Page 2

  It is respectfully requested that the Court reconsider and permit the defendant to make its motion in the nature of a summary judgment to confirm the State Review Officer's decision. In a few weeks, under its pendency obligation to make tuition payments pending the Court review of the State Review Officer's decision, the defendant will once again be compelled to make tuition payments to the plaintiff student's private school. That obligation will continue at least so long as the Court will need to make that review. Unless and until the defendant is permitted to make its motion to the Court, however, that review process cannot even commence.

  Thank you for your assistance in this matter.

            Very truly yours,

            SHAW, PERELSON, MAY & LAMBERT, LLP

            BY: _____
              MARK C. RUSHFIELD, ESQ. (MCR 0231)

MCR:jm
cc: RosaLee Charpentier, Esq.
   Kathryn Rohe, Director of Pupil Services via fax

*[Handwritten note:]* Plaintiff is to respond to this letter by August 25, 2008.

So ordered
*[signature]*
8/14/08